**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| XEZAKIA ROUSE, | : | Case No. 1:26-cv-00190 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| WARREN COUNTY JAIL; *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER FOR AMENDED COMPLAINT

This civil rights case is before the Court to consider several motions filed by Plaintiff Xezakia Rouse. Before addressing the motions, the undersigned Magistrate Judge briefly describes some of the case's history.

This Court received and docketed Plaintiff's initial filings in this case on February 23, 2026. Plaintiff's initial Complaint is 66 pages long. (Doc. No. 1-1.) On March 10, 2026, the Court docketed Plaintiff's First "Addendum" to the Complaint. (Doc. No. 7.) The First Addendum is 40 pages long. (*Id.*) A Second Addendum was docketed on April 21, 2027. (Doc. No. 12.) The Second Addendum is 8 pages long. (*Id.*)

The Court granted Plaintiff's Application to proceed *in forma pauperis* on April 30, 2026. (Doc. No. 14.) The Court noted that although Plaintiff has accumulated three "strikes" under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), he arguably fit within the exception for prisoners who face imminent danger at the time they filed their Complaint. (Doc. No. 14 at PageID 242-247.)

On April 13, 2026, the Court docketed Plaintiff's "Request to Remove Defendants," in which Plaintiff asks "to remove some issues and Defendants" that may have been improperly included in the case. (Doc. No. 11.) Plaintiff later moved to withdraw this request and to add additional claims under additional statutes. (Doc. No. 18.) Most recently, Plaintiff filed a "Motion to Add Defendants and to Refine Complaint to Include Defendants. (Doc. No. 20.) This document is 34 pages long. (*Id.*) Finally, two non-party individuals have attempted to file letters or evidence in this case. (*See* Doc. No. 21.)

The length and number of Plaintiff's pleadings create unnecessary confusion. Therefore, the undersigned Magistrate Judge **ORDERS** Plaintiff to file <u>**one document**</u> that sets forth all of his claims in this case, and is captioned as an "Amended Complaint."

The Amended Complaint shall comply with Rule 8 of the Federal Rules of Civil Procedure. That is, the Amended Complaint shall contain a "short and plain statement of the claim[s]." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Amended Complaint <u>shall not exceed twenty pages</u>, and if typed, shall be <u>double-spaced</u>. S.D. Ohio Civ. R. 5.1(a); 7.2(a)(3).

The Amended Complaint shall also comply with Rules 18 and 20. Rule 18 provides that "[a] party asserting a claim … may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 20 controls whether multiple defendants may be joined in one action:

> Persons … may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

In other words, a "plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1655 (3d ed. 2001). **Plaintiff may not raise unrelated claims against unrelated Defendants in the same lawsuit**. Fed. R. Civ. P. 20. "To allow Plaintiff to proceed with improperly joined claims and Defendants in a single action would permit him to circumvent the PLRA's filing fee provisions." *Johnson v. Tennessee Dep't of Correction*, No. 3:26-cv-138, 2026 WL 949044, at *10 (M.D. Tenn. Apr. 8, 2026) (citing *Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004)). The Court may sever and dismiss unrelated claims against unrelated defendants. Fed. R. Civ. P. 21.

Plaintiff must observe one additional rule when preparing his Amended Complaint. He may only raise claims with a nexus to the imminent danger that the Court already recognized:

> a prisoner who is proceeding *in forma pauperis* under the Section 1915(g) imminent danger exception is limited to asserting claims that ***have a nexus*** to the claimed serious physical injury. … *See, e.g.*, *Pinson v. U.S. DOJ*, 964 F.3d 65, 71 (D.C. Cir. 2020) ("[W]e hold that prisoners must demonstrate a nexus between the harms they allege and the claims they bring."); *Pettus v. Margenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]he complaint of a

> three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts.”). Such a nexus will only exist if the claimed imminent danger of serious physical injury is both (1) “fairly traceable” to the defendant’s alleged conduct, and (2) capable of being redressed by a favorable judicial decision. *Pettus*, 554 F.3d at 298-99. Claims that lack the required nexus should be dismissed without prejudice. *Id.*

*Foster v. Ohio Dep’t of Rehab. & Correction*, No. 2:22-cv-2153, 2024 WL 5400522, at *2 (S.D. Ohio July 25, 2024), *report and recommendation adopted*, 2025 WL 899039 (S.D. Ohio Mar. 25, 2025) (emphasis in original).

In this case, the undersigned previously recognized the following allegations as alleging an imminent danger of serious physical harm:

> Plaintiff alleges that he suffers from serious health problems arising from: (1) a car accident that causes ambulatory difficulties and renders him 75% permanently disabled; (2) a blood disorder that makes it harder for him to heal from injuries and illnesses; and (3) emergency surgery for a life-threatening gallbladder condition in December 2025 that, in addition to its own seriousness, resulted in complications consisting of an embolism scare and a collapsed lung. (Doc. 1-3 at PageID# 108-23).
>
> Plaintiff’s incarceration at the time he filed his Complaint arose from a January 2026 trial on election-related offenses. (Doc. 1-3 at PageID# 111-12). With respect to the issue before the Court—whether Plaintiff can show imminent danger of serious injury or harm sufficient to warrant IFP status—Plaintiff argues that Defendants Timothy Tepe, Amy Tranter, Johnathan Gibbs, and Detective Jenkinson were deliberately indifferent to his serious medical needs, which resulted in further medical harm. (*Id*. at PageID# 112). He argues that they did so by forcing him to suffer through rigorous trial preparation, and then the trial itself, despite knowing about his emergency gallbladder surgery, resulting complications, prescribed bedrest, and obvious pain and discomfort. Plaintiff states that he was physically ill throughout the trial, was spitting up blood and required frequent trips to the restroom. (*Id*. at 113). He states that he also frequently nodded off as a result of the medications he was required to take. (*Id*. at 113-14).

> In addition, Plaintiff alleges that he did not receive proper medical care in the Warren County jail while awaiting sentencing and was not properly assisted by Warren County authorities during transports. (*Id*. at 115-18). Plaintiff states that the indifferent care and rough treatment caused his surgery wounds to reopen. (*Id*. at 118-20). He additionally alleges that he was denied food for three days and required assistance from fellow inmates to walk and eat. (*Id*. at 120-21). He contends that his medical and diet complaints were ignored by Warren County jail medical staff. (*Id*. at 121-23).
>
> The undersigned is persuaded, at the early stage of this case, that Plaintiff suffered from serious risk of danger from existing health problems at the time he filed his Complaint sufficient to meet the imminent danger exception to § 1915(g).

(Order Granting IFP Status, Doc. No. 14 at PageID 244-245.) **Plaintiff's Amended Complaint may only raise claims with a nexus to those recognized serious physical injuries**.

Plaintiff shall file the Amended Complaint by **September 17, 2026**. Once filed, the Amended Complaint will be the operative complaint in this case, superseding (or replacing) all previous complaints, amendments, and supplements. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009)) ("An amended complaint supersedes an earlier complaint for all purposes."). All the previous complaint documents will be disregarded.

Given the order for an Amended Complaint, Plaintiff's motions to modify the content or subject of his earlier complaint documents are **DENIED** as **MOOT**. (Doc No. 11, 18, 20.) Plaintiff is **ADVISED** that he must obtain the Court's permission (or all the

opposing parties' written consent) for any later changes to the operative complaint. Fed. R. Civ. P. 15(a)(2).

The Court will screen the Amended Complaint after it is filed. 28 U.S.C. §§ 1915, 1915A. Plaintiff is **ORDERED** not to file any other additional motions or documents until after the screen is complete, unless there is an emergency or he is informing the Court of a change in his address. Plaintiff is reminded that he must keep this Court informed of his current address while this case is pending and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO ORDERED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge