**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| XEZAKIA ROUSE, | : | Case No. 1:26-cv-00190 |
| Plaintiff, | : | District Judge Susan J. Dlott<br>Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| WARREN COUNTY JAIL, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 15). For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that this action be **DISMISSED without prejudice**.

On August 18, 2026, the Court ordered Plaintiff to file an amended complaint by no later than September 17, 2026 that complies with the Federal Rules of Civil Procedure. (Order, Doc. No. 22). The Court ordered Plaintiff to comply with Rule 8(a), which requires a complaint to contain a "short and plain statement of the claim." The Court also ordered Plaintiff to comply with Rules 18 and 20, which do not permit plaintiffs to assert unrelated claims against unrelated Defendants in one lawsuit. Finally, the Court ordered Plaintiff to assert only claims that have a nexus to the imminent danger recognized by this Court. (*Id.*) The Court reminded Plaintiff that he must keep this Court informed of his current address while this case is pending and promptly file a Notice of New Address should he be released or transferred. (Doc. No. 22, at 378-79).

The September 17, 2026 deadline has now passed, and Plaintiff has failed to comply with this Court's Order (Doc. No. 22) to file an amended complaint. Additionally, on August 31,

2026, mail sent to Plaintiff was returned to the Court as undeliverable. (Doc. No. 26). The Court issued a second Order requiring Plaintiff to update his address on September 2, 2026 (Doc. No. 27) but Plaintiff did not do so. All documents that this Court has subsequently mailed to Plaintiff have been returned as undeliverable. (Doc. Nos. 28, 29, 30, 31).

"Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citing *Link v. Wabash R.Co.*, 370 U.S. 626, 630-31 (1962); *Carter v. Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). This authority is considered an "inherent power" necessary for "courts to manage their affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Here, this case should be dismissed without prejudice because Plaintiff did not comply with the Court's Orders to file an amended complaint and update his address.

**IT IS THEREFORE RECOMMENDED THAT:**

1. This matter be **DISMISSED without prejudice**.

2. With respect to any application by Plaintiff to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

October 15, 2026

*/s/ Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN FOURTEEN (14) DAYS** after being served with a copy of recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the court on a timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **WITHIN FOURTEEN (14) DAYS** after being served with a copy of the objections. The parties are specifically advised that failure to object to the Report and Recommendation in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).